With that, I will call the next case of William Deal versus Tugalo Gas Company. I hope I'm pronouncing that correctly. Thank you. Sorry. Sorry. It's Mr camp with us. Yeah, yes. Good morning. May I proceed. Yes, you may. Thank you. May it please the court. Good morning, Marshall Kent for the plaintiff William deal. Your honors. In this case, the plaintiff Mr deal alleged the requisite facts and circumstances of defendants alleged fraudulent self dealing and minority shareholder oppression in his first amended complaint. However, through a series of procedural and substantive errors of the district court. Mr deal was effectively deprived of his right to conduct discovery and have a full and fair hearing on his claims. The district court erroneously dismissed certain direct claims asserted by Mr deal in his capacity as a minority shareholder of Tugalo against the defendants who he alleged breach their fiduciary obligation to him as officers and directors of Tugalo. Those claims were dismissed by the district court on motion under Rule 12 be six, but relate to standing, which is governed by Rule 12 be one, and are not and should not be subject to dismissal with prejudice. Although you can ask you a quick question I just want to make sure I've got my head screwed on straight. I guess it was my impression that standing in shareholder suits was sort of like standing in the Fourth Amendment we call it standing but it's not really a subject matter jurisdictional issue that necessarily is triggers 12 be one but could be adjudicated under 12 be six Am I wrong about that. My understanding Your Honor is is that this would be 12 be one as a matter of fact there was actually a predecessor case to this that was quoted often by the appellee during during the district court proceedings, where Judge O'Kelley dismissed certain claims not directly, not not the same claims but but but certain claims asserted against the majority shareholder under 12 be one. But do you have any authority for the proposition that that this sort of objection must be pursued under 12 be one. I mean that's your contention here is that it was error to determine under 12 be six, Your Honor, it is it is our contention off the top of my head I don't but I wouldn't think that we would have cited to that in our briefs. I didn't I'll just confess to you I didn't see it. And the, you know, the little bit of researching that my law clerk and I did in the treatises suggested that standing in this area of the law is sort of a colloquialism. Again, like in the Fourth Amendment where we've we've come to call it standing but perhaps misleadingly so and it may not be an article three jurisdictional issue, necessarily subject to 12 be one consideration. If Your Honor would like I'd be happy to follow up. If the court desires me to do so. That's okay. I just wanted to kind of test the proposition of it. Thank you so much. Although, although the court applied the so called general rule in Georgia that claims related to dealings in corporate corporate assets are not direct but rather derivative claims, citing to the Thomas versus Dixon case. The court also failed to appreciate that taking the factual allegations of the First Amendment complaint is true. Mr deals claims fall within both recognized exceptions to the general rule. First, Mr deal is an oppressed minority shareholder who seeks to recover for a special injury de facto dividends that his share of which he did not receive separate from the other shareholders, other than his brother. The remaining shareholders are current, Mr. You said, other than his brother doesn't that sort of last part of your sentence swallow the exception that you're trying to proceed under your honor, it really doesn't because in this particular case, the brother was given an opportunity to participate in this lawsuit But where he's, he's similarly situated to Mr. Mr deal. Obviously, they've got the same set of circumstances, they would purport to complain about at the same time that in and of itself, there's no case law indicating that just the fact that there's another shareholder out there. Advocating or their interests necessarily prevents Mr deal from pursuing this claim directly. There was argument about that, but there's been no citation from the appellee for the notion that just that only one shareholder could bring a have a private right of action. I believe the commodity versus commodity case may may speak may may allude to it, although I'm not sure that it hits on it on all points, but the, the remaining shareholders are current or former officers and directors who ratified we allege the self dealing transactions and issue. And, and thereby would be a stop to complain about them. And I want to emphasize that in doing this analysis or evaluation and we would submit that the allegations of our first amended complaint would need to be taken as true. As such, there is a minimal risk of a multiplicity of lawsuits. The, the case law, supporting the notion that the other officers and directors would be a stop to complain I believe is the Marshall versus WM Marshall case, and the picket versus pain case that was cited in our briefs. Second, this lawsuit arises in the context of a closely held corporation. As such, merely increasing the value of shares only works to the advantage of the majority shareholders, not the minority shareholders Mr deal and his brother, who, in essence, have no market for their shares, which comprise 46% of the company. Under such circumstances, Mr deal should be allowed to pursue direct claims against the defendants. And as I indicated, nor should the fact that his similarly situated brother decided not to participate in this lawsuit unnecessarily affect this analysis. With respect to those claims that the district court deemed to be derivative. Once they dismiss the direct claims. The district court then proceeded upon motion of the defendants under OCGA 14 dash two dash 744 to erroneously dismiss those derivative claims, based upon a so called litigation committee report prepared by two members of the Board of Directors of Tuggalo, who were elected to constitute that committee. To justify a dismissal under this Georgia statute, the defendants have the burden to show that the committee was independent conducted a reasonable investigation of Mr deals claims and made its conclusion not to proceed with a derivative suit in good faith. Mr deal submits defendants failed to satisfy this burden for a number of reasons. However, before delving and yes, why are, why wouldn't we adopt the Court of Appeals of Georgia standard of review and review this under abuse of discretion. The Georgia Supreme Court of Georgia has not spoken on this issue. So why are we not following the Court of Appeals of Georgia. For a number of reasons, the Court of Appeals of Georgia's decision. I believe that many of these cases closely follow Delaware law and the Delaware law on that has changed. Brehm versus Eisner case cited in our briefs. Also, this is a procedural that standard of review is a procedural determination. And the first, second, sixth and seventh circuits have adopted the de novo standard without, to the best of my knowledge, inquiring into into state law or needing to certify it to the to the Georgia Supreme Court. But under this circumstance, whether you went the federal way or the state way and we would submit under the eerie doctrine, the federal courts should make this decision. The other thing is, is that this, this, this type of a case and its motion to dismiss has been deemed to be a hybrid motion for summary judgment motion to dismiss. And under both of those standards, the federal courts use de novo standard of review. So we certainly believe that a standard is proper standard of review that the Supreme Court, if it was certified to the Supreme Court, would probably follow at this point, based on the Brehm versus Eisner decision is is de novo. But we believe that the district courts can make that determination themselves. And I believe there's a case Sarnacki versus Golden and Booth Family Trust versus Jeffries that speak directly to those issues, Your Honor. The. Before getting into into into the, the issue of the determination by the court that we submit was erroneous. It's important to note that applicable case law indicates that rule 56 standards apply to this required showing for a motion to dismiss under this statute. That has been described, as I said, as a hybrid motion for summary judgment motion to dismiss the motion for summary judgment first goes to determining whether or not these three factors justify the, the committee report. We, as contemplated by rule 56 Mr deal filed a motion to defer ruling on defendants motion to dismiss in order to conduct discovery into the alleged independence reasonableness and good faith of the committee's investigation. The court erroneously denied Mr deals motion, and under the circumstances, the court's decision constituted an abuse of discretion under the snook versus trust company case, the WSB TV versus Lee case, and the Kelsey versus withers case. Curiously, the court concluded in its order that Mr deal failed to sustain his burden to challenge the committee, and its report, while at the same time denying Mr deal has requested discovery. It's well established in this circuit that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. I'm not going to have time, but I would refer the court to the brief or brief, the both are our main brief on appeal, addressing the various alleged deficiencies with this committee's report. But I want to speak directly to the other issue we had relating to discovery. In this case, it was denied and that was in the context of the motion for summary judgment, with respect to our fraud claims that was brought by the defendant. Following the dismissal of the direct and derivative claims, other than the fraud claim and certain other statutory claims, and shortly after the filing of defendants responsive pleadings, Mr deal served written discovery. The record reflects that the defendants failed and refused to properly respond to Mr deals discovery, and the court pretty much stated as much at a March 14 2019 hearing document number 103 page five held to address Mr deals request for court assistance, because discovery efforts were being obstructed. However, at that hearing the court afforded defendants with an opportunity to move for a protective order that they proceeded to file. Shortly thereafter, the defendants prematurely moved for summary judgment, with respect to Mr deals fraud claims, while defendants motion for protective order was pending. In response, Mr deal once again filed a motion to defer responding to the motion for summary judgment until pending discovery efforts in the case could be completed, and that was denied by the court that court denied that for the reason that the court came to the conclusion which we met was error that there was no justified viable reliance by Mr deal on alleged misrepresentations denying discovery, where there's a protective order motion was under Colin versus JC penny company, Inc. was inappropriate. Thank you. Mr Clayton. Thank you, Your Honor. May it please the court. My name is Lee Clayton I represent the gas company. I'll be arguing on behalf of all the police. And we would request that the court of firm, the district court rulings in their entirety. Appellant has appealed eight separate rulings spending years of litigation. The majority on appeal under an abuse of discretion standard. Appellant is claiming the district court significantly air and the majority of rulings in this litigation. However, the question on appeal is not whether a member of this court would reach the same decision had it been deciding the issue in the first place. But instead, whether the district court was in the permissible ballpark of outcomes. What do you. This is Judge Newsome, what do you make of your opponents suggestion that the standard of review is a procedural issue that we ought to decide as a matter of federal law rather than referring to the state court decisions. Your Honor, we believe that, in fact, it is a question of federal law. However, we believe that this court should adopt an abuse of discretion standard in the Conroy versus Amos case. Two members of this panel and dicta reference the abuse of discretion standard. And there's no dispute that under federal rule 23.1, it is abuse of discretion in the 11th Circuit. There's also no dispute that in the Georgia courts of appeals, it's abuse of discretion and there is no reason to think it would be anything but that. And so your position is not that the Georgia statute and or decisions control, but that they inform what the proper federal law analysis ought to be. That is that is absolutely correct. Your Honor, we would submit just as in the Conroy versus Amos case. This court need not decide whether or not it's abuse of discretion or de novo at this point, because under either standard, we believe it is clearly met and that the derivative claims were properly dismissed. But the the Booth case, for instance, that the appellant relies on is clearly distinguishable because it's applying Delaware law where there's no guidance from the Delaware state courts or federal. But Georgia does, and we also know what the 11th Circuit does on rule 23.1 because of the statutory nature of the dismissal, plus the wide discretion of the district court, the discretion which was recognized by appellant below. It justifies an abuse of discretion standard. Also, we are dealing with business judgment rule here, which again would weigh in favor of finding that it is an abuse of discretion standard. But going back to just framing this appeal and everything that's on that's before the court. One of the abuse of discretion, and he didn't mention it in his opening, he may address it in his reply, is the extension on the equitable claims under state law. There are no federal decisions in their favor. In favor of abstention, there's two circuit courts from two decisions from the Sixth Circuit, one from the second, and 22 separate orders from 14 district courts, including two additional district courts in the 11th Circuit, all ruling that abstention within the context of corporate disillusion is proper. So without a single decision in their favor, it's difficult to imagine how it would be abuse of discretion for the district court to abstain. Wouldn't it have been just as easy for the district court just to pierce through the abstention doctrine and decide as a matter on the merits that it had no authority to dissolve the corporation? Abstention seems like such an odd move to me here. I mean, on the side, I moonlight as a federal courts professor, and when I teach Burford abstention, I spend all of about 60 seconds on it because I basically tell the class that it was sort of strangled in its crib, it's never really been applied. I'm not aware that we've ever applied it or upheld its application. Seems to me it certainly shouldn't be extended beyond the fairly narrow circumstance of a state administrative proceeding, which you don't really have here. And it just seems like there was such an easy out for the district court just to say, as a matter of substantive law, I don't have authority to do this. Well, you are correct, Your Honor, that it has not been decided under the 11th Circuit precedent. Although the Middle District of Alabama, the Northern District of Georgia, and the excuse me, the Middle District of Florida in two positions, the Northern District of Alabama, and then the Northern District of Georgia have all abstained in corporate dissolution. It was not argued below by either side that the district court lacked jurisdiction at all. Instead, it was argued that it should abstain from it, and we cited to all of the persuasive authority. So, Your Honor, I don't know that we as the appellees are taking the position that, well, we are not taking the position, and we didn't take it below, we're not taking it now, that the district court absolutely could not have reached a decision. But under an abusive discretion standard, when every other federal court has abstained, it is very difficult to see any justification for finding that the court abused its discretion. Now, to your point, if the district court here had kicked all of the rest of the claims out and then kept these equitable claims, going against every other district court and circuit court could have been an abusive discretion, but we're not there. As to the questions that are subject to de novo review, they fare no better because the heart of all of the issues is the failure to adequately plead or present evidence before the district court. For instance, the claim about the direct action dismissal and the allegation it should be under 12B1 instead of 12B6, they didn't raise that standard below. As a result, it's waived, but as we point out in our brief, this issue has been decided on a 12B6 standard at the 11th Circuit. So they have no precedent in their favor to say it's 12B1, but it's a distinction without a difference. Because under either standard, taking the facts as true, there is no possible way that there could be a direct claim. And the reason, and this court pointed it out, was that because he has a brother who has the exact same number of shares, who previously sued, who could sue again, and counsel for the appellant said he elected at this time not to participate. That in no way, shape, or form stops or bars him from participating in the future. Mr. Clayton, this is Beverly Martin. I wanted to ask you, if I could, about Mr. Dale's fraud claim. I just want to be sure I understand your position. Is it your position that the district court didn't need to address the allegations he set out in his deposition because he didn't cite his deposition in the summary judgment pleadings? Well, Your Honor, that is our first position on the appeal. I mean, there's no dispute at all that they failed to raise this in the summary judgment pleadings. We filed a motion for summary judgment, they filed a response, we filed a reply. So what you're saying is, I mean, is that an acknowledgment that Judge Story did not, you know, incorporate or didn't review the deposition or didn't need to in ruling on the summary judgment motion? I would not say he didn't rule on it. I would say it was not properly put forward before the court. Well, if it wasn't before him, then you're saying he didn't need to consider it? For the summary judgment itself, he did not need to consider it. They did raise it in a reply brief on the Rule 56B motion, so the court saw it. The court under the 11th Circuit precedent could reject it because it was first raised in a reply in the first place. But, you know, this court has held that it's not just a mere technicality. The only permissible way to raise it is to follow Local Rule 56.1. In fact, the 11th Circuit has said that a district court should disregard or ignore evidence relied on by the respondent. But let me get to the merits of it here. If you get beyond that, if you get to the actual deposition page that they cite in the first time in a reply to 5060. Now, note, if they would have cited it in their response to our motion for summary judgment, we would have been able to respond to it in a reply brief. They did not do that, so we didn't have an opportunity to say why it didn't create a genuine dispute of material fact. We pointed out our brief in this court, but I'll just say briefly why. The reason is because the passage where he conclusively states that he relied on accounting records and tax records doesn't create a genuine issue of material fact. Because he admits in his deposition he doesn't know what those documents are. He's not an accountant. He can't discern what they are. And so we have a statement where he acknowledges he doesn't know what these things are, but he says he relied on them. But it doesn't create a dispute of genuine fact because we look at his course of conduct beginning in 2011, not only what he did, but what his attorney did. And we showed that there was no reliance and no justified reliance with actions every single year between 2011 up until the point that this lawsuit was filed. I just want to be sure while I've got you. So as I understand, there were two tracks of briefing going on. And one, Mr. Deal was trying to get the court to defer the ruling on summary judgment. And that did reference his deposition testimony about the fraud, didn't it? In the reply brief for that, yes. Okay. I thought you were talking about the reply brief in the summary judgment setting. No, Your Honor, because we were the movement. We filed the motion for summary judgment. When they filed their response, we filed with their response. Got it. All right. So you're saying he didn't reference any of his deposition testimony in his original brief seeking to defer the ruling on summary judgment. That is correct, nor in the response to the motion for summary judgment. In local rule 56.1, he's required to set out any facts that he had to defeat summary judgment. One of the reasons for that is because the movement could then respond to it in a reply brief. He failed to do that. But, you know, I'm just thinking about, you know, Judge Story, who I think is a really good judge. I mean, he should have been aware of that deposition testimony when he was ruling on the summary judgment motion because he had learned about it in the briefing on the motion to defer. Right? Certainly. He would have learned about it, but it doesn't change the outcome because it does not create a genuine dispute of material fact. When a party tells two different stories, one of which is blatantly contradicted by the record, the United States Supreme Court has said that you don't adopt the version that is contradicted for the purposes of summary judgment. Here we have years and years of conduct where he showed he was not reliant. There was no justifiable reliance to say I relied on documents. And then the follow up question is, do you know what these are? And the answer is, I'm not an accountant. I don't know what these documents mean. That does not create a genuine dispute of material fact when we have years and years of evidence proving there was no justifiable reliance. So the court ultimately got it right. Now, the court did not reference that, so it didn't explicitly say you failed to comply with Rule 56.1. You failed to cite it in a reply brief. The court didn't address it at all, but the court did know about it and it didn't change it. On the Rule 56D, with regard to discovery, that's abuse of discretion. And there's clearly no clear error there. And the reason is because they didn't follow the rules on that either. In order to have a 56D motion, you have to point to specifically what you're going to need to get in order to defeat summary judgment. Here, they said we have served 325 discovery requests. We want to take some depositions, even though they hadn't taken any depositions in the five months that discovery was open. But they didn't point to a single fact that they would find. And the reason for that is because there were no facts that they're going to find from the defendant. Because the reason the court granted summary judgment was because the plaintiff, the appellate, did not justifiably rely on anything. And all evidence of justifiable reliance would be within his possession. Just briefly, Your Honor, the remainder of the counts that are on abuse of discretion, we do not believe that there is any evidence in the record whatsoever of applying the wrong standard or being outside the ballpark of what an acceptable ruling would be. As a result, appellate's request that the court affirm the decisions of the district court. Thank you. Thank you, Mr. Clayton. Mr. Kent. Yes, I would like to speak directly to this issue of justifiable reliance. First and foremost, the defendants failed to pierce the pleadings with respect to justifiable reliance. What's happening here is that Mr. Clayton and the defendants are arguing and focusing on certain representations that were an issue that were made back in 2012 and 2013 during this EGD holdings litigation. And then they're arguing that Mr. Deal did not rely or justifiably rely on some of those representations. But what they also fail to address completely in their motion and fail to recognize is that there are really there's another whole nother set, if you will, of justifiable reliance here. And that is that is that where they were engaged in self-dealing. And I believe that there is evidence in the record of self-dealing. As a matter of fact, the disciplinary review committee report that was submitted submitted during the course of the dispute over the derivative claims. Admits and judge story acknowledged, I believe, during the hearing in document one oh three, that there was, in fact, a. Basically, that there was over twenty five thousand dollars of improper expenditures for the benefit of Mr. Gilmer paid for by the company. But what we were trying to get through discovery was all of the additional patterns and instances of self-dealing that before we undertook to take depositions because they produce no documents. They blocked, they objected, did objections across the board to our request for admissions as well as to our interrogatories. And we were seeking to discover all information relating to the totality of Mr. The self-dealing that was going on in the payments that were being made that were being deducted in the company's financial statements as being ostensibly business related. And whether Mr. Deal personally, I might add, whether Mr. Deal personally relied on those financial statements or his accountants did doesn't change the fact that he that there is an issue that he justifiably relied. We did cite to the deposition testimony and and so the court was aware of that and should have taken that into consideration. But the other issue is this. Under Georgia law, just justifiable reliability is imposed in essence as a matter of law because there's a fiduciary duty not to conceal or omit material information for Mr. Deal. That's the Rose versus Cain Paul versus Testido and GLW International Corp versus Yalmatter. Thank you. Thank you. We appreciate the presentation. I'm going to ask that we take a five minute break before we hear the next case. My watch says 1007, so we'll be back in five minutes if that's all right. And we'll take your case under advisement. Thank you, Your Honor.